Appellant: Cair Medical
Beneficiary: ▬
ALJ Appeal No. 1-979623794

24. The Remittance Notice for ▬ HIC ****▬, Account #038203, with Cair Medical as the provider, shows that the following procedure codes were billed: E1161[3], E2231[4], E2601[5], E2611[6], E0955[7], E0973[8], E0990, K0040[9], E0951[10], K0039[11], E0971[12], E0978[13]. (Exh. 11).

## Legal Framework

### I. ALJ Review Authority

#### A. Jurisdiction

An individual who, or an organization that, is dissatisfied with the reconsideration of an initial determination is entitled to a hearing before the Secretary of the Department of Health and Human Services ("HHS"), provided there is a sufficient amount in controversy and a request for hearing is filed in a timely manner. Section 1869(b)(1)(A) of the Act.

In implementing this statutory directive, the Secretary has delegated her authority to administer the nationwide hearings and appeals system for the Medicare program to OMHA. See 70 Fed. Reg. 36386, 36387 (June 23, 2005). The ALJs within OMHA issue the final decisions of the Secretary, except for decisions reviewed by the Medicare Appeals Council. Id.

A hearing before an ALJ is available only if the remaining amount in controversy is $130 or more. See CMS Ruling 02-1, 67 Fed. Reg. 62478, 62480 (October 7, 2002); see also 774 Fed. Reg. 48976 (September 25, 2009). The request for hearing is timely filed if filed within 60 days after receipt of a QIC decision. 42 C.F.R. § 405.1002.

#### B. Scope of Review

Under the Centers for Medicare and Medicaid Services ("CMS") implementation policy for the Medicare, Medicaid, and SCHIP Benefits Improvement and Protection Act of 2000 (BIPA), Pub. Law 106-554, app. F, 114 Stat. 2763, 2763A-463, and the Medicare Prescription Drug, Improvement, and Modernization Act of 2003 (MMA), Pub. Law 108-173, 117 Stat. 2066, all initial determinations by CMS-contracted carriers prior to January 1, 2006, are governed by the ALJ hearing procedures set forth at 20 C.F.R. §§ 404.929 through 404.961 and 42 C.F.R. § 405.855. See 70 Fed. Reg. 11420, 11424-26 (Mar. 8, 2005).

---

[3] HCPCS Code E1161 Manual adult size wheelchair, includes tilt in space
[4] HCPCS Code E2231 Manual wheelchair accessory, solid seat support base (replaces sling seat), includes any type mounting hardware
[5] HCPCS Code E2601 General use wheelchair seat cushion, width less than 22 inches, any depth
[6] HCPCS Code E2611 General use wheelchair back cushion, width less than 22 inches, any height, including any type mounting hardware
[7] HCPCS Code E0955 Wheelchair accessory, headrest, cushioned, any type, including fixed mounting hardware, each
[8] HCPCS Code E0973 Wheelchair accessory, adjustable height, detachable armrest, complete assembly, each
[9] HCPCS Code E0990 Wheelchair accessory, elevating leg rest, complete assembly, each
 HCPCS Code K0040 Adjustable angle footplate, each
[10] HCPCS Code E0951 Heel loop/holder, any type, with or without ankle strap, each
[11] HCPCS Code K0039 Leg strap, h style, each
[12] HCPCS Code E0971 Manual wheelchair accessory, anti-tipping device, each
[13] HCPCS Code E0978 Wheelchair accessory, positioning belt/safety belt/pelvic strap, each

The issues before the ALJ include all the issues brought out in the initial, reconsidered or revised determination that were not decided entirely in the Appellant's favor. However, if evidence presented before or during the hearing causes the administrative law judge to question a fully favorable determination, he or she will notify the Appellant and will consider it an issue at the hearing. 20 C.F.R. § 404.946(a).

### C. Standard of Review

"The [Office of Medicare Hearings and Appeals]...is staff[ed] with Administrative Law Judges (ALJs) who conduct 'de novo' hearings [...]." 70 Fed. Reg. 36386 (June 23, 2005); see also *In re Atlantic Anesthesia Associates, P.C.*, MAC (June 2004) (stating that "[a]n ALJ qualified and appointed pursuant to the Administrative Procedure Act acts as an independent finder of fact in conducting a hearing pursuant to section 1869 of the Act" and therefore must conduct a *"de novo* consideration of the facts and law").

## II. Principles of Law

### A. Statutes and Regulations

The Medicare Part B program entitles a beneficiary to have payment made to him or her on his or her behalf for medical and other health services. Section 1832(a)(1) of the Act; 42 C.F.R. §§ 410.3(a)(1) and 410.10(h). Coverage of medical and other health services is qualified by the overarching principles of sections 1862(a) and 1833(e) of the Act.

Section 1833(e) of the Act states that no payment shall be made to any provider of service unless supported by sufficient information. See also 42 C.F.R. § 424.5(a)(6).

Section 1862(a)(1) of the Act limits Medicare coverage and payment to items and services that are reasonable and necessary for the diagnosis and treatment of an illness or injury, or to improve the functioning of a malformed body member. See also 42 C.F.R. § 411.15(k)(1).

Section 1879 of the Act provides that when Medicare excludes payment and coverage pursuant to Section 1862(a)(1) of the Act, payment may nevertheless be made for the items or services, if neither the beneficiary nor the provider or supplier knew, or could not reasonably be expected to have known, that the items or services would not be covered or payable by Medicare. See also 42 C.F.R. § 411.406.

### B. Policy and Guidance

Section 1871(a)(2) of the Act states that unless promulgated as a regulation by CMS, no rule, requirement, or statement of policy, other than a National Coverage Determination ("NCD"), can establish or change a substantive legal standard governing the scope of benefits or payment for services under the Medicare program. See also 42 C.F.R. § 405.860.

NCD 280.1 for Wheelchair Options and Accessories and 280.3 for Mobility Assistive Equipment provides that wheelchairs are covered if a patient meets Mobility Assistive Equipment clinical

Appellant: Cair Medical
Beneficiary:
ALJ Appeal No: 1-979623794

criteria. NCD 280.1 defines DME as equipment which can withstand repeated use, i.e., could normally be rented and used by successive patients, is primarily and customarily used to serve a medical purpose, generally is not useful to a person in the absence of illness or injury, and is appropriate for use in a patient's home. According to NCD 280.3 mobility assistive equipment, including manual wheelchairs, to include the Tilt-in-Space type can be deemed reasonable and necessary for beneficiaries who have a personal mobility deficit sufficient to impair their participation in mobility related activities of daily living ("MRADLs") such as toileting, feeding, dressing, grooming and bathing in customary locations within the home. CMS Pub. 100-3, Medicare National Coverage Determinations Manual (MNCDM), Ch. 1, § 280.3(B)(1).

The Medicare Claims Processing Manual, Chapter 20, Section 10.2, shows a Coverage Table for DME Claims. Reimbursement may be made for expenses incurred by a patient for the rental or purchase of durable medical equipment (DME) for use in his/her home provided that all the conditions in column A below have been met. Column B indicates the action contractors will take to establish that the conditions have been met. Specifically, payment cannot be made for equipment for use in an institution classified as: A participating hospital, an emergency hospital, meets §1861(e)(1) of the Act, a participating SNF or meetings §1819(1)(1) of the Act. *Except for a distinct part of a SNF, if one of these institutions has a distinct part that does not meet 1819(a)(1), the patient may be considered in his/her residence if he/she was physically located in such distinct part during the use period.* [Emphasis Added]

Medicare covers custom wheelchairs if other conditions exist that limit the Beneficiary's ability to participate in MRADLs at home, i.e., significant impairment of cognition or judgment and/or vision, but if the Beneficiary does suffer from any such impairment, they can be ameliorated or compensated sufficiently such that the addition provision of mobility assistive equipment (hereinafter, MAE) will be reasonably expected to significantly improve the Beneficiary's ability to perform or obtain assistance to participate in MRADLs in the home. MNCDM, Ch. 1, §§ 280.3(B)(2)(a), 280.3(B)(3).

Medicare covers MAE's if the Beneficiary or their caregiver demonstrates the capability and the willingness to consistently help with the mechanical mechanisms. MNCDM, Ch. 1, § 280.3(B)(4).

Medicare covers wheelchairs if the Beneficiary's functional mobility deficit cannot be sufficiently resolved by the prescription of an appropriately fitted cane or walker. MNCDM, Ch. 1, § 280.3(B)(5)(a)(b).

Medicare covers wheelchairs if the Beneficiary's typical environment supports the use of the MAE. MNCDM, Ch. 1, § 280.3(B)(6).

Medicare covers custom wheelchairs such as a Tilt-in-Space if the Beneficiary has neither sufficient upper extremity function to propel a manual wheelchair or use a power wheelchair in their home to participate in MRADLs during their typical day nor do they have a caregiver to do so for them. MNCDM, Ch. 1, § 280.3(B)(7)(a)(b)(c)(d).

*CMS, Medicare National Coverage Determination Manual (MNCDM) (Internet-Only Manual Publ'n 100-3), ch.1, § 280.3(B)(1) (NCD 280.1) (July 2005)*

Appellant: Cair Medical
Beneficiary: ▓▓▓▓
ALJ Appeal No. 1-979623794

Local Coverage Determination L11454 states for any item to be covered by Medicare, it must 1) be eligible for a defined Medicare benefit category, 2) be reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member, and 3) meet all other applicable Medicare statutory and regulatory requirements. For the items addressed in this local coverage determination, the criteria for "reasonable and necessary", based on Social Security Act § 1862(a)(1)(A) provisions, are defined by the following indications and limitations of coverage and/or medical necessity. Specifically, A manual wheelchair with Tilt-in-Space (E1161) will be covered if the beneficiary meets the general coverage criteria for a manual wheelchair above, and if criteria (1) and (2) are met: The beneficiary must have a specialty evaluation that was performed by a licensed/certified medical professional (LCMP), such as a PT or OT, or physician who has specific training and experience in rehabilitation wheelchair evaluations and that documents the medical necessity for the wheelchair and its special features (see Documentation Requirements section). The LCMP may have no financial relationship with the supplier. The wheelchair is provided by a Rehabilitative Technology Supplier (RTS) that employs a RESNA-certified Assistive Technology Professional (ATP) who specializes in wheelchairs and who has direct, in-person involvement in the wheelchair selection for the patient.

<u>Analysis</u>

<u>Medical Necessity of the Tilt-in-Space Wheelchair and Accessories</u>

This case involves Durable Medical Equipment (DME), specifically a Tilt-in-Space Wheelchair with accessories. The DME Tilt-in-Space Wheelchair was developed for those individuals requiring adjustability to redistribute their body weight for optimal positioning purposes and assist in allowing the patient to function more independently and become more involved in their lifestyle.

The primary issue on appeal is whether the Cair Medical is entitled to Medicare payment under Title XVIII of the Act for the Tilt-in-Space wheelchair and associated wheelchair accessories provided to ▓▓▓▓ on October 24, 2011. Based on a review of the record, the undersigned ALJ finds that the Appellant is entitled to payment for the Durable Medical Equipment as prescribed by the ordering physician and dispensed by the Appellant.

The Medicare Contractor initially denied payment believing the Beneficiary was living in a Skilled Nursing Facility, therefore ineligible. QIC denied Medicare payment for the DME items finding that the medical record did not support the evaluation and there was insufficient evidence that an objective assessment of the Beneficiary's health condition was conducted.

In addition to determining medical necessity, the undersigned ALJ found good cause existed to receive into evidence the documents to prove that the Beneficiary had been discharged from the skilled nursing portion of the SNF to custodial care and was living in a different section of the facility. In the present case, the undersigned ALJ has also considered the application of the above-mentioned NCD regarding the provision of the Tilt-in-Space wheelchair and accessories.

Appellant: Cair Medical
Beneficiary: 
ALJ Appeal No: 1,979623794

The ALJ finds there is sufficient medical evidence to support Section 1862(a)(1) of the Social Security Act and 42 C.F.R. § 411.15(k)(1), further upheld by NCD 280.3.

Credible evidence and testimony revealed that the Beneficiary was nonambulatory and had impaired strength in the extremities, impaired upright dynamic balance, and severe cognitive decline due to a stroke that made it impossible for her to shift her weight or get out of bed. The medical records also confirmed the fact that the Beneficiary was 100% dependent on caregivers due to dementia. Thus, she required the Tilt-in-Space wheelchair.

Based on review of the full record, the undersigned ALJ concludes that the evidence supports a finding that the Tilt-in-Space wheelchair and accessories provided to the Beneficiary on October 24, 2011, were reasonable and necessary. A review of the submitted documentation indicates sufficient medical evidence to support payment for the DME items at issue. The evidence of record includes a face-to-face evaluation within the parameters of Medicare rules and regulations. The face-to-face examination was conducted by Tejas Patel, M.D. and he noted that the Tilt-in-Space wheelchair with accessories was recommended for the Beneficiary because she was unable to use a cane, walker, manual wheelchair, or a power wheelchair to complete her activities of daily living due to dementia and a stroke making her 100% dependent on caregivers. Objective assessments by the Social Services Director and the physician documented the Beneficiary's weak extremity strength and that she would required pressure relief to redistribute her weight and for repositioning in the course of the day. The physician ordered accommodating cushions with head and leg accessories to minimize shear displacement during position changes and were a mandatory part of the Tilt-in-Space wheelchair.

Orthopedic and neurological considerations of the Beneficiary as a 100% dependent stroke victim with dementia were medically addressed to include accommodating her postural asymmetries due to poor trunk control. The Tilt-in-Space wheelchair would trigger muscle reflex responses during position changes that she could not do on her own. It would minimize reflexive responses associated with the position of her head through proximal stability of the head control accessories and the Tilt-in-Space wheelchair would make it easier to position for respiratory breathing. Overall the use of the Tilt-in-Space wheelchair would allow reduced fatigue associated with hypertonicity, would increase postural support, and the repositioning mechanism would help with muscle tone and to prevent skin breakdown. Repositioning would also help with comfort and pain management relief. Significantly, it would reduce attendant care through easier management of weight shift, sitting tolerance, and pressure relief with fewer transfers in and out of a chair or bed in the course of a day. Therefore, the evidence supports the conclusion that the Beneficiary would be bedridden without a Tilt-in-Space wheelchair because of her cognitive decline. She was 100% dependent on caregivers and could no longer safely self propel or ambulate to complete her activities of daily living making other Durable Medical Equipment inadequate.

Thus, there is sufficient evidence in the administrative record to establish that the Tilt-in-Space wheelchair and accessories provided to the Beneficiary on October 24, 2011, were medically reasonable and necessary pursuant to the provisions of Section 1862(a)(1) of the Social Security Act and 42 C.F.R. § 411.15(k)(1).

Appellant: Cair Medical
Beneficiary: ▓▓▓▓▓
ALJ Appeal No. 1-979623794

## Conclusions of Law

Based on the totality of the evidence of record, the undersigned ALJ concludes that the Tilt-in-Space wheelchair and accessories provided by Cair Medical to ▓▓▓▓▓ on October 24, 2011, were medically reasonable and necessary under Section 1862(a)(1)(A) of the Social Security Act and 42 C.F.R. § 411.15(k)(1). Accordingly, Appellant is entitled to Medicare payment based on the billed amount.

## Order

The Medicare Contractor is **DIRECTED** to process the claim(s) in accordance with this decision.

SO ORDERED:

Dated: AUG 0 8 2013

Richard S. Bush
U.S. Administrative Law Judge

Page 11 of 11

## PROOF OF SERVICE

I am employed in the County of Orange, State of California, I am over the age of 18 years and not a party to the within action; my business address is 4040 Barranca Parkway, Suite 280, Irvine, California 92604.

On November 6, 2014, I served the foregoing document described as:

**NOTICE OF MOTION AND MOTION FOR RETURN OF PROPERTY; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATIONS OF TODD AND DAWN TUCKER; AND EXHIBITS**

Said document was served on the interested party or parties in this action by placing a true copy thereof, enclosed in a sealed envelope, and addressed as noted below:

### SEE ATTACHED MAILING LIST

I am familiar with our firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one working day after the date of deposit for mailing in this declaration.

__xx__ (By Mail) I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid.

Executed November 6, 2014, at Irvine, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Jonathan Knauft

# MAILING LIST

Case Name    :   Todd Tucker, et al. v. United States of America
Court        :   United States District Court (California Central District, Southern Division)
Case Number :

| | |
|---|---|
| Ms. Jeannie Joseph<br>Assistant United States Attorney<br>United States Attorney's Office<br>411 West 4th Street, Suite 8000<br>Santa Ana, CA 92701 | Attorney for Plaintiff |
| Mr. Howard Daniels<br>Assistant United States Attorney<br>United States Attorney's Office<br>300 N. Los Angeles St.<br>Los Angeles, CA 90012 | Attorney for Plaintiff |
| Mr. Frank D. Kortum<br>Assistant United States Attorney<br>United States Attorney's Office<br>312 N. Spring St., #1400<br>Los Angeles, CA 90012 | Attorney for Plaintiff |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Todd Tucker; Dawn Tucker; CAIR Medical, Inc.; Rehab Fitness, Inc.; and A to Z Solutions

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

United States of America

**(b) County of Residence of First Listed Plaintiff**  Orange County
(EXCEPT IN U.S. PLAINTIFF CASES)

**County of Residence of First Listed Defendant** _____
(IN U.S. PLAINTIFF CASES ONLY)

**(c) Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

Michael J. Khouri, 4040 Barranca Parkway, Suite 280, Irvine, CA 92604
Tel: (949) 336-2433

**Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

Jeannie Joseph, 411 West 4th St., Ste. 8000, Santa Ana, CA 97201 (714) 338-3576
Howard Daniels, 300 N. Los Angeles St., Los Angeles, CA 90012 (213) 894-4024
Frank D. Kortum, 312 N. Spring St., #1400, Los Angeles, CA 90012 (213) 894-5710

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 3. Federal Question (U.S. Government Not a Party)
☒ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☒ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number: SACV14-01795-DOC (DFMx)

CV-71 (10/14)                                    CIVIL COVER SHEET                                    Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court?<br>☐ Yes ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br>☐ Yes ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division.<br>Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division.<br>Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division.<br>Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br>☒ Yes ☐ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☒ YES. Your case will initially be assigned to the Southern Division.<br>Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division.<br>Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division.<br>Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | **A.**<br>Orange County | **B.**<br>Riverside or San Bernardino County | **C.**<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☒ | ☐ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☒ | ☐ | ☐ |

| D.1. Is there at least one answer in Column A?<br>☒ Yes ☐ No<br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | D.2. Is there at least one answer in Column B?<br>☐ Yes ☐ No<br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | Southern Division |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?
☐ NO   ☒ YES

If yes, list case number(s):   14-MJ-377, 14-MJ-378, 14-MJ-379, 14-MJ-380, 14-MJ-381, 14-MJ-385, 14-MJ-387, 14-MJ-388, 14-MJ-389, 14-MJ-390

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☒ A. Arise from the same or a closely related transaction, happening, or event;

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _Mukesh T Khauri_   DATE: _November 6, 2014_

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |