UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 14-01795-DOC (DFMx) | Date | December 15, 2014 |
|---|---|---|---|
| Title | Todd Tucker, et al. v. United States of America | | |

| Present: The Honorable | Douglas F. McCormick | |
|---|---|---|
| Terri Steele | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| n/a | | n/a |

**Proceedings:**   (In Chambers) Order Continuing Hearing re: Plaintiffs' Motion to Return Property

    Plaintiffs Todd and Dawn Tucker, CAIR Medical, Inc., Rehab Fitness, Inc., and A to Z Solutions (collectively, "Plaintiffs") move for the return of their property, asking this Court to issue an order directing the release and return of the funds and property seized by the government on the basis of ten seizure warrants signed on October 17, 2014.

    The Court deems that Plaintiffs' motion is based on Fed. R. Crim. P. 41(g), which provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." No other provision gives this Court authority to order the return of property seized by a validly-issued warrant. Contrary to Plaintiffs' argument, 18 U.S.C. § 981(b)(3) is not applicable, as that provision only describes where such a motion should be filed, stating that "[a]ny motion for the return of property seized under this section shall be filed in the district court in which the seizure warrant was issued or in the district court for the district in which the property was seized."

    Where, as here, there is no pending criminal proceeding, a Rule 41(g) motion must be considered a civil complaint. See United States v. Ritchie, 342 F.3d 903, 906 (9th Cir. 2003). As a result, such a motion is governed by the Federal Rules of Civil Procedure. See United States v. Ibrahim, 522 F.3d 1003, 1007 (9th Cir. 2008). Accordingly, the service-of-process rules in the Federal Rules of Civil Procedure must be applied. See Cromwell v. United States, No. 13-80002, 2013 WL 323261, at *2 (N.D. Cal. Jan. 28, 2013); In re Seizure of $958,921 Worth of LED Televisions & $14 Worth of Energy Star Stickers, No. 13-2782, 2013 WL 3490743, at *2 (C.D. Cal. May 30, 2013).

    Plaintiffs concede that they have not served their motion in accordance with Rule 4(i) of the Federal Rules. They ask this Court to exercise its equitable authority and exempt their motion from Rule 4(i)'s requirements, arguing that the seizure of their assets by the government has caused and is causing irreparable injury. Even were the Court inclined to do so, however, the law is clear that it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 14-01795-DOC (DFMx) | Date | December 15, 2014 |
|---|---|---|---|
| Title | Todd Tucker, et al. v. United States of America | | |

must not. Service of process is the vehicle that makes it proper for this Court to exercise jurisdiction over this dispute and order the government to return Plaintiffs' property. See SEC v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007). Accordingly, this Court is obligated to ensure that the government is served in accordance with Rule 4(i) before proceeding to the merits of Plaintiffs' motion. See Cromwell, 2013 WL 323261, at *2; In re Seizure of $958,921, 2013 WL 3490743, at *2.

At oral argument, Plaintiffs argued that the government waived service by failing to raise its argument by means of a motion to quash. The Court does not agree. The government raised the issue of service in its very first pleading, a pleading entitled "opposition to motion for return of property." Dkt. 6. A challenge to service may be raised by either a Rule 12 motion or an answer. See Schwarzer, Tashima & Wagstaffe, Fed. Civ. Pro. Before Trial ¶ 5:327 (2013 rev. ed.) (hereinafter, "SWT"). Here, the government's opposition served as its de facto answer to Plaintiffs' de facto complaint, and it raised the issue of defective service.

Because Plaintiffs can make proper service on the government, the Court may order service quashed rather than dismiss the action. See In re Seizure of $958,921, 2013 WL 3490743, at *2; see also SWT ¶ 5:354.

Accordingly, IT IS ORDERED as follows:

1. The Court exercises its discretion to QUASH service.

2. Plaintiffs are ORDERED to make proper service under Rule 4(i) as soon as practicable.

3. Defendants are ORDERED to file any further opposition to Plaintiffs' motion within 60 days of service. In the meantime, Plaintiffs may supplement their moving papers to satisfy some of the concerns expressed by the Court at Friday's hearing, e.g., the lack of sworn statements to substantiate Plaintiffs' claims of irreparable injury, the legibility of some of Plaintiff's attachments.

4. The Court CONTINUES the hearing on Plaintiffs' motion to return property to February 24, 2015, at 10:00 a.m.

| | : | |
|---|---|---|
| | Initials of Clerk | ts |