# EXHIBIT "A"

```
 1  STEPHANIE YONEKURA
    Acting United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  FRANK D. KORTUM
    Assistant United States Attorney
 6  California State Bar No. 110984
         1400 United States Courthouse
 7       312 North Spring Street
         Los Angeles, California 90012
 8       Telephone: (213) 894-5710
         Facsimile: (213) 894-7177
 9       E-mail:   Frank.Kortum@usdoj.gov

10  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
11
                      UNITED STATES DISTRICT COURT
12
                 FOR THE CENTRAL DISTRICT OF CALIFORNIA
13
                           SOUTHERN DIVISION
14
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CV 15-01943 |
| Plaintiff, | VERIFIED COMPLAINT FOR FORFEITURE |
| v. | [18 U.S.C. § 981(a)(1)(A) and (C)] |
| $4,931.28 IN BANK ACCOUNT FUNDS FROM GOLDEN STATE BANK ACCOUNT NUMBER '2059; $118,616.37 IN BANK ACCOUNT FUNDS FROM GOLDEN STATE BANK ACCOUNT NUMBER '2905; $8,053.58 FROM BANK ACCOUNT FUNDS FROM GOLDEN STATE BANK ACCOUNT NUMBER '4899; $229,759.34 IN BANK ACCOUNT FUNDS FROM GOLDEN STATE BANK ACCOUNT NUMBER '4725; $11,029.20 IN BANK ACCOUNT FUNDS FROM BANK OF AMERICA ACCOUNT NUMBER '2354; ONE 2013 NISSAN; ONE 2005 BMW; ONE 2010 MERCEDES; ONE 2007 TOYOTA; and ONE 2012 CHEVROLET, | [F.B.I.] |
| Defendants. | |

4

1 | The United States of America brings this claim against the
2 | following defendants:
3 |    A. $4,931.28 in bank account funds from Golden State Bank
4 |       account number '2059 held in the name of CAIR Medical, Inc.;
5 |    B. $118,616.37 in bank account funds from Golden State Bank
6 |       account number '2905 held in the name of Todd and Dawn Marie
7 |       Tucker;
8 |    C. $8,053.58 in bank account funds from Golden State Bank
9 |       account number '4899 held in the name of Rehab Fitness,
10|       Inc.;
11|    D. $229,759.34 in bank account funds from Golden State Bank
12|       account number '4725 held in the name of A to Z Solutions;
13|    E. $11,029.20 in bank account funds from Bank of America
14|       account number '2354 held in the name of Christopher T.
15|       Tucker;
16|    F. One 2013 Nissan, VIN: 1N6BF0KMXDN100216 registered to CAIR
17|       Medical Inc.;
18|    G. One 2005 BMW, VIN: WBABD33445JY99036 registered to Todd
19|       Tucker/Dawn Tucker;
20|    H. One 2010 Mercedes, VIN: 4JGCB6FE6AA110653 registered to CAIR
21|       Medical Inc.;
22|    I. One 2007 Toyota, VIN: JTDKB20U177555915 registered to CAIR
23|       Medical Inc.; and
24|    J. One 2012 Chevrolet, VIN: 1GNSKBE01CR165361 registered to
25|       Todd Tucker.
26| The assets identified in subparagraphs A through E are collectively
27| referred to as the "defendant bank funds."  The assets identified in
28| subparagraphs F through J are collectively referred to as the

"defendant vehicles." The defendant bank funds and the defendant vehicles are collectively referred to as "the defendants." In support of its claim against the defendants, the United States alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil forfeiture action brought pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

2. This court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

## PERSONS AND ENTITIES

4. The plaintiff is the United States of America.

5. The defendant bank funds were seized on October 17, 2014 from Golden State Bank and Bank of America pursuant to federal seizure warrants executed in Orange, California. The defendants 2013 Nissan, 2005 BMW, 2007 Toyota, and 2012 Chevrolet were seized on October 27, 2014 in Orange, California, pursuant to federal seizure warrants. The defendant 2010 Mercedes was seized on October 28, 2014 in Orange, California, pursuant to a federal seizure warrant.

6. The defendants are currently in the custody of the United States Marshals Service in this District, where they shall remain subject to this court's jurisdiction during the pendency of this action.

7. The interests of Todd Christopher Tucker ("Tucker"), Dawn Marie Tucker, CAIR Medical, Inc. ("CAIR"), Rehab Fitness, Inc. and A to Z Solutions may be adversely affected by these proceedings.

## EVIDENCE SUPPORTING FORFEITURE

8.  Tucker is the President, Chief Executive Officer, Compliance Officer and primary owner of CAIR. CAIR is a durable medical equipment sales company based in Anaheim, California. CAIR specializes in the provision of wheelchairs to residents in skilled nursing facilities ("SNF"). In addition, Tucker owns and controls Rehab Fitness, Inc. and A-to-Z Solutions, which are two companies that also operate out of Anaheim, California.

9.  In 1965, Congress enacted Title XVIII of the Social Security Act, known as the Medicare program. Medicare is a federally-funded health insurance program primarily benefiting the elderly. Entitlement to Medicare is based on age, disability, or affliction with end-stage renal disease. See 42 U.S.C. §§ 426 et seq. The Medicare program is administered through the Department of Health and Human Services, Centers for Medicare and Medicaid Services ("CMS").

10. The Medicare program has four parts: Part A, Part B, Part C and Part D. Medicare Part A ("Part A"), the Basic Plan of Hospital Insurance, covers the cost of inpatient hospital services and post-hospital nursing facility care. See 42 U.S.C. §§ 1395c-1395i-4. Medicare Part B, the Voluntary Supplemental Insurance Plan, covers the cost of services performed by physicians and certain other health care providers, including services provided to Medicare patients by durable medical equipment providers. See 42 U.S.C. §§ 1395k, 1395l, 1395x(s). Medicare Part C covers certain managed care plans, and Medicare Part D provides subsidized prescription drug coverage for Medicare beneficiaries.

11. Medicare enters into provider agreements with physicians to

establish their eligibility to participate in the Medicare program. Providers who wish to be eligible to participate in Medicare Part B must periodically sign an application to participate in the program. The application, which must be signed by an authorized representative of the provider, contains a certification statement that states "I agree to abide by the Medicare laws, regulations and program instructions that apply to this provider. . . .I understand that payment of a claim by Medicare is conditioned upon the claim and the underlying transaction complying with such laws, regulations, and program instructions (including but not limited to, the Federal anti-kickback status and the Stark law), and on the provider's compliance with all applicable conditions of participation in Medicare." Form CMS-8551, at 25 (for physicians and non-physician practitioners).

12.  Medicare Part B covers "medical and other health services." 42 U.S.C. § 1395k(a)(1). "Medical and other health services," in turn, is defined as including durable medical equipment ("DME"). 42 U.S.C. § 1395x(s)(6). DME is defined as equipment that is "appropriate for use in the home." 42 U.S.C. § 1395x(n); 42 C.F.R. § 414.202. Thus, it is a statutory requirement that Medicare Part B pays for the rental or purchase of DME only if the equipment is used in the patient's home or in an institution that the patient uses as a home. 42 U.S.C. § 1395x(n); 42 C.F.R. § 410.38(a).

13.  A "home" can include the beneficiary's dwelling such as an apartment, a relative's home, a home for the aged, or some other institution that is neither a hospital nor primarily engaged in providing skilled care to its residents. Most importantly for the present case, Congress has expressly excluded SNFs from the definition of a "home" for purposes of Part B coverage for DME. See

42 U.S.C. § 1395x(n) (a "home" cannot be "an institution that meets the requirements of. . .section 1395i-3(a)(1) of this title" (i.e., a SNF)); 42 C.F.R. § 410.38(b) ("An institution that is used as a home may not be a. . . SNF as defined in section 1861E(1), 1861(mm)(1) and 1819(a)(1) of the Act"). The reason that Congress prohibits the Medicare program from paying for DME in SNFs is that it is the responsibility of the SNF to provide any necessary DME.

14. So because Part B will only pay for DME used in a beneficiary's "home," and because a SNF is never a beneficiary's "home," Part B will never pay for DME for a beneficiary to use in a skilled nursing facility. Wheelchairs are considered to be DME.

15. In violation of the statutory and regulatory provisions described above, CAIR has provided wheelchairs exclusively to Medicare beneficiaries residing in SNFs. Tucker sends sales representatives to call on SNFs in various locations throughout the United States. The sales representatives identify SNF residents who allegedly have a medical necessity for the wheelchairs that CAIR provides, which are manual tilt-in-space chairs. The sales representatives prepare paperwork for the provision of the wheelchairs and forward it to the CAIR main office in Anaheim, California.

16. CAIR staff then prepares the claims for payment for the wheelchairs that will go to the Medicare program. Tucker personally reviews the claims and approves them for submission. Each claim has a field for the listing of the place of service. Tucker lists the place of service either as the patient's home or as a custodial care facility. Both of those designations are false, and Tucker knows they are false. All of the patients who have received wheelchairs

1  from CAIR have resided in SNFs.

2      17. CAIR then presents these false claims by mail and
3  electronically to the Medicare program for reimbursement. CAIR's
4  source of income from January, 2010 through August, 2014 consisted
5  entirely of reimbursement payments from the Medicare program for
6  wheelchairs provided to Medicare beneficiaries residing in SNFs.

7      18. CAIR also used funds from Golden State Bank Account '2059
8  to purchase the defendant vehicles. CAIR employees used the
9  defendant vehicles to travel to SNFs in furtherance of CAIR's scheme
10 (as described above) to sell wheelchairs to Medicare beneficiaries
11 residing in SNFs.

12     19. Based on the above, plaintiff alleges that the defendant
13 bank funds and defendant vehicles represent or are traceable to
14 transactions or attempted transactions in violation of Title 18,
15 United States Code, Sections 1341 (mail fraud), 1343 (wire fraud),
16 1347 (Medicare fraud) and 1956 (money laundering). The defendant
17 bank funds are thus subject to forfeiture to the United States
18 pursuant to Title 18, United States Code, Section 981(a)(1)(C).
19 Plaintiff also alleges that the defendant vehicles were involved in
20 or used to facilitate transactions or attempted transactions in
21 violation of Title 18, United States Code, Sections 1341 (mail
22 fraud), 1343 (wire fraud), 1347 (Medicare fraud) and 1956 (money
23 laundering). The defendant vehicles are thus subject to forfeiture
24 to the United States pursuant to Title 18, United States Code,
25 Section 981(a)(1)(A).

26     WHEREFORE, the United States prays that due process issue to
27 enforce the forfeiture of the defendant bank funds and defendant
28 vehicles, due notice be given to all interested parties to appear and

1  show cause why forfeiture should be not be decreed, that this Court
2  decree forfeiture of the defendant bank funds and defendant vehicles
3  to the United States of America for disposition according to law, and
4  for such other and further relief as this court may deem just and
5  proper, together with the costs and disbursements of this action.
6
7  Dated: March 16, 2015                Respectfully submitted,
8                                       STEPHANIE YONEKURA
                                        Acting United States Attorney
9                                       ROBERT E. DUGDALE
                                        Assistant United States Attorney
10                                      Chief, Criminal Division
                                        STEVEN R. WELK
11                                      Assistant United States Attorney
                                        Chief, Asset Forfeiture Section
12
13                                             /s/
                                        FRANK D. KORTUM
14                                      Assistant United States Attorney
15                                      Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA
16
17
...
28

# VERIFICATION

I, JESSIE T. MURRAY, hereby declare that:

1. I am a Special Agent with the Federal Bureau of Investigation and I am the case officer for the forfeiture matter entitled <u>United States v. $4,931.28 in Bank Account Funds from Golden State Bank Account Number '2059 et al.</u>

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed Feb 11, 2015 in Santa Ana, California.

/s/ Jessie T. Murray
JESSIE T. MURRAY
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION